IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ZACHARY FRANKLIN                                                                      PLAINTIFF

v.                                      CIVIL NO. 24-cv-06084-CDC

LELAND DUDEK,[1] Acting Commissioner                                          DEFENDANT
Social Security Administration

## MEMORANDUM OPINION

Plaintiff, Zachary Franklin, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claims for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405 (g).

Plaintiff protectively filed his applications for DIB and SSI on July 29, 2021, and July 14, 2021. (Tr. 23). In his applications, Plaintiff alleged disability beginning on July 28, 2021, due to Lyme disease, ADHD/ADD, anxiety, and PTSD. (Tr. 23, 274). An administrative hearing was on August 30, 2023, at which Plaintiff appeared with counsel and testified. (Tr. 40–63). A vocational expert ("VE") also testified. *Id*.

---

[1] Leland Dudek has been appointed to serve as the Acting Commissioner of the Social Security Administration, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

On November 22, 2023, the ALJ issued an unfavorable decision. (Tr. 20–39). The ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2022. (Tr. 25). The ALJ found that, while Plaintiff had worked after the alleged onset date, none of his work rose to the level of substantial gainful activity. (Tr. 25–26). The ALJ found Plaintiff suffered from the severe impairments of unspecified polyarthritis and obesity, non-severe impairments of Lyme disease, hyperlipidemia, seasonal allergies, infectious mononucleosis, COVID, major depressive disorder and generalized anxiety disorder, and no other medically determinable impairments. (Tr. 26–28). The ALJ found that Plaintiff did not have an impairment, or combination of impairments, that met or medically equaled the severity of any of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 14–16). The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform the full range of medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c). (Tr. 29–31). The ALJ found Plaintiff had no past relevant work. (Tr. 31). The ALJ acknowledged that a finding of "not disabled" was directed by Medical-Vocational Rule 203.28 based upon Plaintiff's age, education, work experience, and RFC; but also considered the testimony of the VE that Plaintiff could perform the representative occupations of dishwasher or floor waxer. (Tr. 32). Based on the testimony of the VE, the ALJ found that Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy. *Id*. The ALJ found Plaintiff had not been disabled as defined by the Act from July 28, 2021, through November 22, 2023, the date of the decision. (Tr. 33).

Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 11, 13).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises the following poinst on appeal: 1) whether the ALJ erred as a matter of law by failing to account for any mental limitations in the RFC regarding Plaintiff's mild mental limitations, and by failing to expressly explain why such limitations were not included in the RFC; and 2) whether ALJ erred in relying upon VE testimony which was based upon a hypothetical that did not include all of Plaintiff's limitations. (ECF No. 11). Defendant argues the ALJ's RFC findings did not conflict with finding Plaintiff had mild mental limitations at step two, and that these findings can easily be harmonized. *See Chismarich v. Berryhill,* 888 F.3d 978 (8th Cir. 2018). Defendant also argues that the ALJ provided ample analysis at step two regarding why mental limitations were not included in the RFC, including minimal treatment history for mental impairments, treatment notes that his conditions were stable, and treatment notes which indicated that Plaintiff's mood, affect, insight/judgment, and memory were normal. (ECF No. 13,

p. 3). Finally, Defendant argues that the ALJ's hypothetical to the VE was appropriate as it need only account for the limitations the ALJ accepted as true. (ECF No. 13, p. 4).

In this case, the ALJ's treatment of the opinion evidence falls short of what is necessary. 20 C.F.R. §404.1520c requires an ALJ to consider the supportability and consistency of opinion evidence. *See Bonnett v. Kijakazi*, 859 Fed.Appx. 19 (8th Cir. 2021) (unpublished) (per curium) (citing *Lucus v. Saul*, 960 F.3d 1066, 1069-70 (8th Cir. 2020) (remanding where ALJ discredited physician's opinion without discussing factors contemplated in Regulation, as failure to comply with opinion-evaluation Regulation was legal error)); *Pipkins v. Kijakazi*, No. 1:20 CV 161 CDP, 2022 WL 218898 (E.D. Mo. Jan. 25, 2022) (finding that the ALJ's failure to "explain" and "articulate" the supportability and consistency of medical opinion evidence was reversible error even when the ALJ elsewhere adequately summarized the evidence of record, and it supported the RFC determination).

While the ALJ does find persuasive the opinions of Nicolas Rio, Psy.D., and David Voss, Ph.D., at step two, he does not discuss their supportability or consistency merely stating "[t]heir determinations were considered and found persuasive based on objective evidence." (Tr. 27). In the RFC assessment the ALJ also gives very little attention to opinion evidence, stating that the medical evidence was generally supportive of the prior administrative findings, without addressing or weighing the supportability or consistency of these opinions. (Tr. 31). The Court finds remand necessary for the ALJ to more clearly consider the Plaintiff's RFC.

### IV. Conclusion

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter

should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. §405(g).

    IT IS SO ORDERED this 28th day of April 2025.

                                                            /s/ *Christy Comstock*
                                                  HON. CHRISTY COMSTOCK
                                                  UNITED STATES MAGISTRATE JUDGE